UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-335-GWU

TONY C. OSBORNE, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Tony Osborne brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

>   Step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.
>
> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

In the Sixth Circuit, the Step Three severity regulation has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health

and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.

4

Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

07-335  Tony C. Osborne

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . .

manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Osborne, a 41-year-old former coal miner with a high school education, suffered from impairments related to being status post a crush injury to the right foot with resulting reflux sympathetic dystrophy. (Tr. 18, 23). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform the full range of sedentary level work. (Tr. 20, 23). Based upon

application of Rule 201.27 of the Medical-Vocational Guidelines, the claimant could not be considered totally disabled. (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. The ALJ erred in failing to find that Osborne's mental problems constituted a "severe" impairment. However, the current record also does not mandate an immediate award of Social Security benefits. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

Osborne's mental status was evaluated by Dr. Syed Raza. Dr. Raza diagnosed a mood disorder. (Tr. 124). The plaintiff's Global Assessment of Functioning (GAF) was rated at 55 to 60. (Tr. 125). Such a GAF suggests the existence of "moderate" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. The doctor opined that the plaintiff had poor coping skills and would respond abnormally to pressures. (Id.). The claimant would have a "fair" ability to handle simple, one-two step instructions, sustain concentration and persistence, and interact with friends, supervisors or the public. (Id.). He would not be able to complete tasks in a normal amount of time. (Id.). These are serious mental limitations which would be more than a "slight abnormality" and, so,

constitute a "severe" impairment under Farris, 773 F.2d 85, at 88.  Therefore, Dr. Raza's opinion does not support the administrative decision.

Psychologists Anne Demaree and Laura Cutler each reviewed the record for the administration.  Each reviewer opined that Osborne would be "moderately" limited in such areas as: (1) performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances; (2) completing a normal workday and workweek without interruption from psychologically-based symptoms and performing at a consistent pace without an unreasonable length and number or rest periods; (3) getting along with co-workers or peers without distracting them or exhibiting behavioral extremes; (4) responding appropriately to changes in the work setting; and (5) setting realistic goals or making plans independently of others.  (Tr. 126-127, 157-158).  While Demaree did not believe that his mental problems alone would preclude basic simple work activity, she clearly did believe that the plaintiff currently experienced some mental limitations which would more than minimally affect his ability to perform work activities.  (Tr. 130).  This finding was affirmed by Cutler.  (Tr. 159).  Therefore, these opinions of the medical reviewers also do not support the administrative decision.

Osborne sought treatment for his mental problems at the Kentucky River Comprehensive Care Center in December of 2004.  The plaintiff was diagnosed as suffering from a major depression of "moderate" severity.  (Tr. 156).  Specific mental limitations were not assessed.  The claimant did not seek follow-up

07-335  Tony C. Osborne

treatment. (Tr. 153-156). Nevertheless, this report provides additional evidence that Osborne suffered from a "severe" mental impairment imposing restrictions which could affect his ability to engage in work activities. Therefore, this report also does not support the administrative decision.

All of the mental health professionals of record identified at least moderate mental restrictions which would support the existence of a mental impairment under the Farris standards. Despite these reports, the ALJ concluded that the plaintiff's mood disorder did not constitute a "severe" impairment. The ALJ based this decision on the claimant's failure to obtain routine follow-up treatment for these mental problems after his initial diagnosis. (Tr. 19). However, the Sixth Circuit Court of Appeals has stated that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989). The mental health sources of record clearly identified significant mental limitations which, while not totally disabling by themselves, could seriously erode the sedentary level job base to which Osborne was found restricted. Therefore, the error was not harmless.

As previously noted, the ALJ relied upon Rule 201.27 of the Medical-Vocational Guidelines to determine that a significant number of other jobs remained available to Osborne. However, since the record clearly establishes that the plaintiff suffers from a mental impairment which would impose at least some non-exertional mental restrictions, reliance upon the Medical-Vocational Guidelines was not proper

07-335  Tony C. Osborne

in this action.  Therefore, a remand of the action for further consideration is required.

Osborne also argues that the ALJ erred in evaluating his physical condition. The undersigned does not agree with these arguments.  The plaintiff was found capable of performing a full range of light level work in an administrative decision which became final on November 6, 2003.[1]  (Tr. 37-44).  Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application.  Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997).  Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ." In the current action, the ALJ actually did find that the claimant was now limited to sedentary level work rather than light as in the prior denial decision.  However, the current medical record does not support the existence of more severe physical restrictions than those found by the ALJ.

---

[1] This denial decision was affirmed by the undersigned in a decision dated December 30, 2004.  Osborne v. Barnhart, London Civil Action No. 04-123-GWU (E.D. Ky, December 30, 2004).

07-335  Tony C. Osborne

In asserting that more severe physical restrictions were required, Osborne cites the physical restrictions cited by Dr. James Templin in March, 2003 (Tr. 183), Dr. Robert Nickerson in August, 2003 (Tr. 207) and Dr. Lisa DeGnore in March, 2003 (Tr. 214) as providing support for his claim.  However, all of these physicians issued their opinions during the time period pertinent to the prior application and that ALJ specifically considered the opinions of Dr. Templin and Dr. DeGnore.[2]  (Tr. 39).  Therefore, the undersigned does not find that these opinions, dated prior to the relevant time period, provide support for the plaintiff's claim.

Osborne also relies upon the opinion of Dr. William Lester, his treating physician.  In April of 2006, Dr. Lester opined that the plaintiff's condition "will preclude his ability to engage in physical activities on a sustained basis." (Tr. 177).  This extremely broad restriction goes to the ultimate question concerning the claimant's disability status which is a finding reserved to the Commissioner under the administrative regulations and, so, not binding on the ALJ.  20 C.F.R. § 404.1527(e)(1).  Furthermore, Dr. Lester's treatment notes indicate that the doctor only thought that the claimant was limited to lifting more than 30 pounds in January of 2003. (Tr. 256).  Significantly, the doctor's treatment records do not identify more severe specific limitations after this date.  (Tr. 220-255).  Therefore, Dr. Lester's

---

[2]Dr. Nickerson's opinion does not appear to have been before the prior ALJ. However, his non-exertional limitations during this time frame would appear to have been outweighed by Dr. William Lester's finding that the plaintiff was only limited to lifting 30 pounds.  (Tr. 256).

07-335 Tony C. Osborne

April, 2006 statement is not well-supported in his treatment records and was properly rejected by the ALJ.

Dr. Bobby Kidd examined Osborne during the processing of the current DIB and SSI applications and did not report the existence of more severe limitations than those found by the previous ALJ. (Tr. 146-151). Dr. Lynell Dupont reviewed the record and did not believe that the current record even supported the existence of a "severe" physical impairment. (Tr. 176). The current ALJ, in finding that the plaintiff was restricted to sedentary level work, was actually being more generous to the claimant than required. Therefore, the court finds no error in the ALJ's handling of the evidence of record relating to the plaintiff's physical condition.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration of Osborne's mental condition. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 24th day of July, 2008.



Signed By:

G. Wix Unthank

United States Senior Judge